Donna Grindstaff
*Plaintiff, pro se*
219 Halifax Drive
Dothan, AL 36305
334-621-8093
Donnagrindstaff23@yahoo.com

RECEIVED
JUL 2 6 2024
U.S. District Court
Middle District of TN

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | |
|---|---|
| DONNA GRINDSTAFF,<br><br>Plaintiff,<br><br>v.<br><br>WILSON COUNTY, SHERIFF ROBERT C. BRYAN, MIKE HALE AND JOSEPH RILEY PIERCE<br><br>Defendants. | Case No.:<br><br>**COMPLAINT**<br>(denial of medical care, cruel and unusual punishment, and unreasonable seizure)<br><br>42 USC 1983<br><br>**AMOUNT PRAYED FOR: $300,000** |

PLAINTIFF, Donna Grindstaff also known as Donna Dickinson is appearing *pro se*, brings this COMPLAINT against Defendants and alleges the following:

1.

**JURISDICTION:** This Court has original jurisdiction of the federal claim contained in this Complaint pursuant to 28 USC 1331. Jurisdiction is proper in this court because: Always material to this complaint, Plaintiff was a resident of Nashville division in the District of Tennessee. Defendant Wilson County Sheriff's Department is a government organization operating in the Nashville division of the district of Tennessee, and Defendants Bryan, Hale, and Pierce are officers employed by Wilson County Sheriff's Office located in the Nashville Division of the District of Tennessee.

2.

On July 24, 2021, Plaintiff was in her primary residence sleeping in an upstairs bedroom in Mount Juliet, Tennessee. Plaintiff woke to her cell phone ringing and was talking with her parents who are Lee Sample and Cindy Salmon (5:59 p.m. to 6:17 p.m.). They were on the phone when her estranged husband who is Todd Dickinson continually entered her bedroom yelling and hit her in the eye when he shoved a document in her face.

3.

Plaintiff previously discovered Todd Dickinson committed fraud on mortgage documents (removing her name from the marital home), and a PPP loan, so Plaintiff was on the phone making plans to leave her estranged husband the following day to go live with her parents due to the fraud and domestic abuse.

4.

Todd Dickinson stated he knew someone at the Wilson County Sheriff's Office, and he would have Plaintiff put in jail. For this reason, Plaintiff took videos of Todd Dickinson committing domestic violence.

5.

After Plaintiff hung up the phone with her parents, she fell asleep. Todd Dickinson came into the bedroom and woke up Plaintiff screaming at her to sign off on marital property and lunged at her when she sat up in bed. Todd Dickinson head butted Plaintiff hitting her in the breast, shoulder, and top of her legs.

6.

Todd Dickinson conspired with others who wanted the marital property along with Defendant Pierce to falsely arrest, imprison and extort Plaintiff out of real estate.

7.

The Defendants refused in the original Complaint filed in July of 2022 to provide the 911

audio to prove the time and what exactly Dickinson claimed. Pierce and Dickinson have very different testimony under oath about the time and details of the false arrest. Defendants refused to provide in discovery Pierce's cell phone records, the color photo of Plaintiff's swollen eye, and the 911 call audio despite six motions to compel.

8.

Wilson County deputies failed to follow Tennessee Code Annotated 40-7-106 when they refused to allow Plaintiff a phone call within one hour. Plaintiff was told she could not have a phone call until she was cleared by a nurse because the intake deputy alleged Plaintiff was suicidal, which was false. Defendant Pierce and Wilson County deputies deprived Plaintiff of a phone call to conceal the false arrest. Plaintiff's father who is Lee Sample would have contacted Pierce's supervisor and the commissioner if Plaintiff was entitled to a phone call. The Defendants refused to provide the name of the nurse or any staff during discovery in the first Complaint.

9.

Defendant Pierce did not follow police procedure of having two officers at the residence for a domestic dispute and he violated Tennessee Code Annotated 36-3-619 requiring him under law to investigate to determine who the primary aggressor was. Pierce was not properly trained in the law that stipulates he is to investigate both parties not one and talk to witnesses. Pierce refused to investigate by not calling Plaintiff's witnesses and he refused to look at Plaintiff's phone containing exculpatory evidence such as text messages and videos of Todd Dickinson committing domestic assault. Pierce was not properly trained by his supervisor who is Sheriff Bryan, Mike Hale, and Wilson County. This resulted in a false arrest/imprisonment, improper seizure of Plaintiff's purse and property, excessive force, ongoing defamation/slander, denial of a phone call, and failure to render medical aid when and after Plaintiff was unconscious experiencing hypoglycemia. Plaintiff has suffered long term harm to her physically and emotionally through revictimization of law enforcement who is unable to discern who is a victim

and vulnerable adult.

10.

Plaintiff contacted Mike Hale after January 25, 2022, when the false charge was dismissed in her favor. Mike Hale stated he investigated and found no wrongdoing. At Hale's deposition on July 27, 2023, he could not tell Plaintiff if a rear seat video existed or not. This is only part of the evidence showing that Defendant Hale who is Pierce's direct supervisor did not investigate. Mike Hale placed all blame on Todd Dickinson and stated Plaintiff should sue only Todd Dickinson. However, Tennessee Circuit Court Judge Byrd stated on the record on March 14, 2024, that Todd Dickinson cannot be held liable for the false arrest only the officer can be held liable.

11.

Plaintiff discovered (7-28-2023) that a rear seat video existed at Defendants deposition. The Defendants and their counsel (Ryan Shannon and Jeff Thompson) intentionally withheld discovery to aid them in summary judgment in the original Complaint. Plaintiff had no knowledge that there was a rear seat video containing evidence that she was unconscious and medical attention was denied to her during the twelve hours she was unconstitutionally arrested and imprisoned in just her nightgown. Plaintiff has witnesses that she discovered she was unconscious in the rear seat in December of 2023, which was well after the first Complaint discovery lapsed on July 28, 2023.

12.

Plaintiff has taken deposition of Todd Dickinson (2/9/2024) less than one year from the filing of this complaint. Todd Dickinson under oath confirms that Pierce searched Plaintiff's purse without warrant or probable cause. This harm was also a late discovery, and the information was not available to Plaintiff during the first Complaint because it was difficult to schedule Dickinson for his deposition due to his evasion. Also, Defendant Pierce refused to

answer question pertaining to the purse in his deposition that was also evaded until the day before the end of discovery in the first Complaint. Defendants refused to cooperate by scheduling their deposition during the same trip as Plaintiff's deposition causing Plaintiff extra expenses, travel, and inconvenience.

13.

Defendant Pierce admits under oath giving away a $1400 check to Todd Dickinson from Plaintiff's purse but refused to answer deposition questions pertaining to his search of Plaintiff's purse. In addition, Plaintiff had a safe containing about $4,000 that Todd Dickinson was granted during false seizures when Plaintiff was not permitted to return to the marital home as a condition of her release. Plaintiff had to replace everything including clothes, shoes, cosmetics, medications, eyeglasses, etc.

14.

Defendant Pierce located Plaintiff sleeping in the upstairs bedroom. Pierce ordered plaintiff to go outside where he immediately placed her under arrest. Pierce states Plaintiff changes her story because Plaintiff was only allowed to offer information to clear herself after her false arrest. Pierce was not trained to rationalize that Plaintiff was not "an aggressor" and failed to inform Plaintiff of Miranda rights.

15.

Defendant Pierce did not call paramedics or tell anyone including Plaintiff about her being unconscious in the rear seat of his patrol car. Plaintiff had no knowledge that she was unconscious prior to viewing the video in December of 2023. Plaintiff has several witnesses to this material fact. Plaintiff does not mention being unconscious in her first Complaint because she had no knowledge.

16.

Defendants Hale and Bryan failed to investigate their employee Pierce who conspired

with others to falsely arrest Plaintiff to extort and deprive her of marital property worth more than $90,000. Defendants Hale and Bryan failed to fire and jail Defendant Pierce for his improper seizures, failure to investigate, conspiring to falsely arrest/imprison/extort Plaintiff, failure to arrest the aggressor Todd Dickinson, excessive force with handcuffs, and failure to render medical aide. All claims are a violation of Plaintiff's civil rights and are unlawful.

17.

Plaintiff has preexisting medical conditions including lymphedema, breast cancer, hypertension, and hypoglycemia. Defendant Pierce was made aware of medical conditions but refused to loosen handcuffs causing Plaintiff to sustain bruising and swelling, which was cause for the first lawsuit. Defendant Pierce did not aid in giving Plaintiff water when she repeatedly requested, which resulted in Plaintiff becoming unconscious, which is cause for this second lawsuit. Pierce lied in an affidavit for summary judgment stating he gave Plaintiff water when he in fact did not, which is supported by video and audio evidence. Pierce intentionally denied medical care because he was breaking the law to conspire with others to make a false arrest for the purpose of extortion.

18.

Plaintiff contracted a pulmonary embolism and pneumonia, because of contracting Covid. Plaintiff was hospitalized on 9/1/2021 due to her being displaced during the height of a pandemic with no safety precautions mandated at the jail by Mike Hale, Sheriff Bryan, and Wilson County. Plaintiff was released on her own recognizance due to her medical conditions after 11 hours, which substantiates the fact Covid was active in the jail where she was confined.

19.

Prior to the constitutional violations of Plaintiff, she had two lumbar surgeries, a cervical plate and is going to be scheduled for a third lumbar surgery in September or October pending her primary care physician's release. The reason for the delay in surgery is due to the pulmonary

COMPLAINT, page 6 of 10
Case 3:24-cv-00914   Document 1   Filed 07/26/24   Page 6 of 11 PageID #: 6

embolism suffered. Plaintiff continues to suffer pain in her lower back during and after her false arrest. Plaintiff was left rolling around handcuffed and unconscious while Pierce drove the patrol car. Plaintiff has become aware of a collapsed disc in her L5 S1 within the past six months, so it was not discovered until after the filing of the first Complaint. Plaintiff is filing this lawsuit within the late discovery statute of limitations.

20.

The false assault charge was dismissed in General Sessions Court six months after the false arrest causing Plaintiff the inability to ascertain work, continual legal fees, damage to reputation, and trauma to mental and physical health.

21.

Plaintiff suffered humiliation when she was falsely placed under arrest in only her nightgown in front of her neighbors and then later released on the street in only her nightgown where a man tried to take her to his home and followed her around. Plaintiff now asserts harm from the humiliation of rolling around in a nightgown unconscious in the rear seat of a patrol car when there was no probable cause due to this being a criminal act of conspiracy to falsely arrest Plaintiff under the color of law. Plaintiff asserts harm from Pierce watching the video several times. A protective order was issued, but Plaintiff does not believe that it is sufficient or abided by.

22.

Plaintiff was extorted within three days of the false arrest out of her marital property worth more than $90,000 in exchange for dismissal of the false charge. Plaintiff was not allowed to have any personal property from her residence as a condition of her release and due to the pandemic, so Plaintiff was denied all her belongings as part of the seizure stemming from a false arrest by Pierce who is supervised by Defendants Bryan, Hale, and Wilson County.

23.

Plaintiff sought to amend the original Complaint and has motions to compel evidence in the original Complaint before the Court, but the delay by the Court to answer jeopardizes the late discovery statute of limitations, so Plaintiff is filing this Complaint timely of discovering the forementioned violations of her Fourteenth Amendment rights.

24.

Upon information and belief, the actions of Defendant Pierce were carried out based on training he received by Defendants Hale, Bryan, and Wilson County. The Defendants have failed to take accountability or to rectify their wrongdoing. Pierce was acting under the color of law when he violated Plaintiff's constitutional rights by arresting a victim of domestic violence who was extorted, defrauded, and subjected to Pierce's failure to render medical aid, and improper seizures while and after being falsely arrested and imprisoned.

25.

The Defendants acted with intent to withhold evidence from Plaintiff in the first lawsuit filed causing the Plaintiff to file a second lawsuit upon discovery of her being unconscious in the rear seat of the patrol car. The Defendants have revictimized Plaintiff who was the victim of domestic violence, which is evidenced by videos, witnesses, depositions, and documents. The Defendants have not brought anyone to justice for the false charge and other unlawful acts perpetrated against Plaintiff. The Defendants' actions were in accordance with the policies, practices, and/or custom of Wilson County Sheriff's Office.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

(Unlawful seizure, unusual and cruel punishment, and failure to render medical aid: 14th Amendment to the U.S. Constitution; 42 USC 1983)

26.

Plaintiff re-alleges and incorporate Paragraphs 1-15 as if fully set forth here.

27.

**COMPLAINT**, page 8 of 10
Case 3:24-cv-00914   Document 1   Filed 07/26/24   Page 8 of 11 PageID #: 8

Defendants' actions as described above constitute an unreasonable seizure of Plaintiff's person and property, in violation of the 14th Amendment of the U.S. Constitution. Defendants acted under the color of law to deprive Plaintiff of her property through false arrest and extortion. Defendants Bryan and Hale have failed to train and investigate Pierce's conduct. This shows failure of Defendants Bryan and Hale to adequately train Defendant Pierce to avoid civil rights violations. Pierce violated various Wilson County procedures and Tennessee Code Annotated 36-3-619.

Plaintiff incorporates with this Complaint Tennessee Code Annotated 8-8-302: "Anyone incurring any wrong, injury, loss, damage, or expense resulting from any act or failure to act on the part of any deputy is, at the time of such occurrence, acting by virtue of or under color of the office. Plaintiff seeks relief for damages under Tennessee Code annotated 8-8-303(a).

The governmental immunity of the county in which the sheriff serves is waived for purposes of Tennessee Code Annotated 8-8-302, but to extent not in excess of the minimum amount required for a surety bond applicable to that county's sheriff pursuant to Tennessee Code Annotated 8-8-03. The cap, based on the amount required for a bond shall apply regardless of whether the sheriff is covered by a surety bond or an insurance policy pursuant to Tennessee Code Annotated 8-19-101.

Failure to render medical aid happened when Pierce did not act to Plaintiff being unconscious in the rear seat after stating she could not breath several times, is cruel and unusual punishment under the Fourteenth Amendment for pretrial detainees. The County is not immune under Tennessee Governmental Tort Liability. An exception to the public duty doctrine's shield from liability where a "special relationship" arises…between the plaintiff and the public employee, which gives rise to a 'special duty' that is more particular than owed by the employee to the public at large." The immunity from suit shall be removed when the government entity's conduct that amounts to willful, wanton, or gross negligence, Tenn. Code Ann. 29-20-205(10).

As a direct result of Defendants' actions, Plaintiff has sustained the following damages: Economic damages in the amount of $130,000 as described above and non-economic damages due to pain, suffering, humiliation, and inconvenience in the amount of $170,000.

## PRAYER FOR RELIEF

28.

WHEREFORE, Plaintiff requests the following relief:

-A money award judgment entered against Defendants for $300,000

-A money award for Plaintiff's costs and disbursements associated with bringing this action.

-Any and all other relief the Court deems just and reasonable under the circumstances.

Respectfully submitted on: 7/24/2024

By: *Donna Grindstaff*
Donna Grindstaff
*Plaintiff, pro se*
219 Halifax Drive
Dothan, AL 36305
334-621-8093
Donnagrindstaff23@yahoo.com

